# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEFF CLAY MORRIS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> QUAD CITY TIMES NEWSPAPER, <br><br> Defendant. | No. C13-0088-LRR <br><br> INITIAL REVIEW ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on August 29, 2013. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 and an application for appointment of counsel (docket no. 2).

## I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the

six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his statements, the court finds that the initial partial filing fee is $7.20. *Id*. The plaintiff shall submit $7.20 by no later than October 25, 2013. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## *II. APPLICATION FOR APPOINTMENT OF COUNSEL*

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court does not believe that the assistance of counsel is warranted. The plaintiff's claim is not

complex, and the complaint either fails to state a claim upon which relief can be granted or is frivolous. Accordingly, the plaintiff's application for appointment of counsel shall be denied.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### IV. CLAIM ASSERTED

Currently confined at the Anamosa State Penitentiary in Anamosa, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his state court cases. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28

3

U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district.

The statement of claim portion of the complaint is as follows:

> In the State of Iowa, while I was facing 2 felony charges, the Quad City Times did commit slander and defamation of character by printing that I have a criminal conviction of sexual assault on my record. This was not an error just to be corrected, nor have I ever been convicted for any type of sexual offenses. I am not a registered sex offender that has to be registered as one in this state or any other state. This has not happen[ed] once but twice. The Quad City Times has put me into the newspaper as a sex offender. The first time I was placed in the paper was regarding a home invasion/wilful injury charge of the alleged offense in Le Claire, Iowa to which I was found not guilty of nothing. The second time . . . I was facing 2 felonies . . . that has been published through the Quad City Times. The second time being September 18, 2009.

As relief, the plaintiff states that he wants: the defendant to pay for all proceedings and fees, $25,000,000.00 for punitive damages, $100,000,000.00 for liable and slander and $1,000,000.00 for pain and suffering.

### V. ANALYSIS

#### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston*

*Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The applicable statute of limitations is the period governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). While Iowa's statute of limitations for personal injury tort claims determines the length of the statute of limitations for a 42 U.S.C. § 1983 action, "federal rules conforming in general to common-law tort principles" govern when the cause of action accrues and the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that

is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In *Wallace*, the Supreme Court found:

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted); *see also* 54 C.J.S., Limitations of Actions § 112, p. 150 (2005).

*Id.* at 391 (alteration in original). So, under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the harm. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (citing *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007), for the proposition that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *cf. Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (discussing accrual rule under state law). The plaintiff did not file the instant complaint in a timely manner. The plaintiff alleges that he sustained an injury on September 18, 2009, but he waited until August 29, 2013 to file his civil rights action. Accordingly, the applicable statute of limitation bars the plaintiff's claim. *See White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (applying Iowa's two-year statute of limitation); *Myers*, 960 F.2d at 751 (concluding that a district court may dismiss an action if an affirmative defense exists, that is, the applicable statute of limitation has run).

Alternatively, the plaintiff's allegations fail as a matter of law. "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson*, 419 U.S. at 349). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n.*, 713 F.2d 414, 415 (8th Cir. 1983); *see also Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740

6

(8th Cir. 1999) (concluding that a plaintiff could not assert claims under 42 U.S.C. § 1983 because a private corporation and private individuals were not state actors); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that the plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to a private individual did not show that state action was involved). Here, the plaintiff fails to aver that the defendant is a state actor or was acting under color of state law when the plaintiff's rights were allegedly violated; the plaintiff's allegations do not establish state action. Because the defendant cannot be considered a state actor so as to invoke federal jurisdiction under 42 U.S.C. § 1983, the plaintiff fails to state a claim upon which relief can be granted.

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $7.20 by no later than October 25, 2013. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to

forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(7) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(8) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 27th day of September, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

8

Case 1:13-cv-00088-LRR   Document 3   Filed 09/27/13   Page 8 of 9

TO: **WARDEN/ADMINISTRATOR**
**Anamosa State Penitentiary, Anamosa, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jeff Clay Morris, Jr., #6541729, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Morris v. Quad City Times Newspaper*, Case No. C13-0088-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $7.20, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____ Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa